IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MARION YARBROUGH,

    Petitioner,

v.                                   Civil Action No. 3:18CV881

MARK J. BOLSTER,

    Respondent.

MEMORANDUM OPINION

Marion Yarbrough, a federal inmate proceeding pro se, submitted this 28 U.S.C. § 2241 Petition.[1] ("§ 2241 Petition," ECF No. 1.) The Respondent has filed WARDEN'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 (ECF No. 13) and Yarbrough has filed a reply (ECF No. 14). For the reasons set forth below, the § 2241 Petition will be dismissed without prejudice for want of jurisdiction.

---

[1] The statute provides, in pertinent part:

    (c) The writ of habeas corpus shall not extend to a prisoner unless--
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

## I. Procedural History

On April 4, 2008, Yarbrough pled, in the United States District Court for the Southern District of Florida ("Sentencing Court"), guilty to one count of transporting a minor in interstate commerce for the purpose of engaging in sexual activity. United States v. Yarbrough, No. 9:07-cr-80099-KAM, (S.D. Fla. Sept. 23, 2008), ECF No. 86. The Pre-Sentence Investigation Report ("PSR") "concluded that Yarborough was a career offender, pursuant to [United States Sentencing Guidelines ("USSG")] § 4B1.1, because he had two prior felony convictions under Kentucky law for fleeing or evading the police in the first degree." United States v. Yarbrough, 334 F. App'x 266, 267 (11th Cir. 2009) (per curiam). "With a criminal history category of VI, the [PSR] recommended an advisory guidelines range of 360 months' to life imprisonment." Id. at 268. Yarbrough objected to being classified as a career offender. Id. However, the parties negotiated a "sentencing agreement, which reduced Yarbrough's offense level from 37 to 35, giving him a revised advisory guidelines range of 292 to 365 months' imprisonment." Id. "Yarbrough formally withdrew his career-offender objection, which the district court accepted after confirming with Yarbrough that he was withdrawing that objection knowingly and voluntarily." Id. At sentencing, the District Court "imposed an upward variance" and sentenced Yarbrough to 480 months' imprisonment. Id. at 269.

2

Yarbrough appealed his sentence, arguing that it was unreasonable and that the District Court "erroneously classified him as a career offender." Id. at 269-270. The United States Court of Appeals for the Eleventh Circuit rejected Yarbrough's arguments, concluding that he had waived his objection to his career offender status and failed to carry his burden of showing that the upward variance was unreasonable. Id. at 270.

On December 9, 2010, Yarbrough filed his first motion to vacate pursuant to 28 U.S.C. § 2255 challenging his career offender status in the Sentencing Court. Motion, Yarbrough v. United States, No. 9:10-cv-81574-KAM (S.D. Fla. Dec. 9, 2010), ECF No. 1. The Sentencing Court denied that motion on October 20, 2011. Yarbrough v. United States, No. 9:10-cv-81574-KAM (S.D. Fla. Oct. 20, 2011). Thereafter, Yarbrough filed a series of additional unsuccessful § 2255 motions with the Sentencing Court.

In this § 2241 Petition, Yarbrough raises the following ground for relief:

> Mr. Yarbrough's sole argument in the instant Petition is that his current sentence is improper and illegal as the career offender enhancement (U.S.S.G. § 4B1.2(a)(2)) applied at sentencing is no longer just or equitable. This career offender enhancement was applied due to the United States Attorney's Office's insistence that Mr. Yarbrough possessed the requisite prior convictions of "violent felonies" to qualify him as a career offender.

(ECF No. 1, at 4-5.)[2]

---

[2] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.

3

As discussed below, Yarbrough fails to demonstrate that he may use § 2241 to obtain relief.

## II. Motions Under 28 U.S.C. § 2255 Compared To Petitions Under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

4

has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (citations omitted).[4]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," id., as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

[4] Yarbrough cannot avoid the bar on filing a successive 28 U.S.C. § 2255 motion by suggesting that he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)).

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), cert. denied, 139 S. Ct. 1318 (2019).[5]

### III. Analysis Of Yarbrough's 28 U.S.C. § 2241 Petition

Yarbrough fails to satisfy the second and fourth prongs of Wheeler. Specifically, Yarbrough fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018.)

Yarbrough argues that his career offender enhancement under USSG § 4B1.1 is invalid because it was based on two Kentucky convictions for fleeing and evading police, which, he maintains, "after 2015, no longer qualify as crimes of violence." (ECF No. 1,

---

[5] Until Wheeler, a petitioner was not permitted to challenge his or her sentence. Rather, a petitioner was required to satisfy the following test:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

at 4.) Yarbrough's claim appears to be based on a misunderstanding of the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 576 U.S. 606. The Johnson Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. Id. at 596-98 (citation omitted).[6] As discussed below, Johnson does not apply to Yarbrough's career offender enhancement under the advisory guidelines.

Under USSG § 4B1.1,

> (a) a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Guidelines Manual, § 4B1.1 (2020).

---

[6] The Supreme Court subsequently held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

7

Essentially, Yarbrough suggests that the holding of Johnson should apply to provisions of § 4B1.1 that are similar to the residual clause that was the subject of Johnson. Thus, he argues, he no longer satisfies the requirements to be classified as a career offender, and therefore, requires a lower sentence. Yarbrough is incorrect.

The Supreme Court has specifically "concluded that the Guidelines are not subject to vagueness challenge under the Due Process Clause," and therefore the "vagueness holding" of Johnson and progeny "does not apply to the residual clause in § 4B1.2(a)(2)" United States v. Lee, 855 F.3d 244, 246-47 (4th Cir. 2017) (citing Beckles v. United States, 137 S. Ct. 886, 892 (2017)). Consequently, Yarbrough fails to satisfy the second facet of Wheeler's test.

Even if Yarbrough were able to demonstrate that he had satisfied the first three facets of Wheeler (which he has not), he would still not be able to meet the fourth facet which requires a showing that, because of a retroactive change in the law, Yarbrough's sentence "now presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429 (citations omitted). The Fourth Circuit has concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-United v. Booker, 543 U.S. 220, 245 (2005), when the Sentencing Guidelines were mandatory. Lester v.

8

Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). The Fourth Circuit, however, explicitly noted that, if Lester had been sentenced under the post-Booker advisory Sentencing Guidelines, his petition would be barred as failing to meet the fourth facet of Wheeler. Id. at 715. The Fourth Circuit explained:

> In Foote,[7] we said a prisoner couldn't challenge a trial court's misapplication of the advisory Guidelines under § 2255. 784 F.3d at 932. The government is correct that in Foote, we distinguished a misapplied career offender enhancement from fundamental defects such as "sentences issued 'in excess of the maximum authorized by law.'" Id. at 942 (quoting 28 U.S.C. § 2255(a)). But crucial to our analysis in Foote was that the petitioner, unlike Lester, was sentenced after Booker had rendered the Guidelines purely advisory. Because the Guidelines lacked legal force, we explained, an erroneous advisory Guidelines classification was unlike a violation of a statute or constitutional provision. Id. at 942; see Wheeler, 886 F.3d at 422 n.9 (distinguishing Foote).
>
> Foote undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines. But Foote simply doesn't apply to a petitioner sentenced in the pre-Booker era. Indeed, we denied the petitioner's claim in Foote partly on the grounds that, because he was sentenced under the advisory Guidelines, the district court not only had the discretion to decide whether the Guidelines sentence was justified, but in fact was required to do so. Foote, 784 F.3d at 941-42; see 18 U.S.C. § 3553(a) (requiring individualized analysis of sentencing factors). That discretion is what the district court lacked at Lester's sentencing because, at that time, the Guidelines were mandatory.

Id.; see Payton v. Entzell, No. 2:18CV48, 2019 WL 2578770, at *2-3 (N.D. W. Va. June 24, 2019) (holding that petitioner challenging career offender sentence under advisory guidelines fails to

---

[7] United States v. Foote, 784 F.3d 931 (4th Cir. 2015).

9

satisfy the fourth <u>Wheeler</u> facet). Yarbrough was sentenced in 2008 under the advisory Guidelines. <u>United States v. Yarbrough</u>, No. 07-cr-80099-KAM, (S.D. Fla. Sept. 23, 2008), ECF No. 86. Thus, he cannot meet the fourth facet of <u>Wheeler</u>. Accordingly, Yarbrough's claim is not subject to review here.

## IV. Conclusion

For the reasons stated above, Yarbrough's § 2241 Petition (ECF No. 1) will be dismissed without prejudice for want of jurisdiction.

The Clerk is directed to send a copy of this Memorandum Order to Yarbrough and to counsel of record.

It is so ORDERED.

/s/ *RSP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 27, 2021